UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE L. WEIDEL,

    Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 07-11472

DISTRICT JUDGE SEAN F. COX
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on June 28, 2004, alleging that she had been disabled and unable to work since March 10, 2004, at age 57, due to bilateral carpal tunnel syndrome. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on May 17, 2006, before Administrative Law Judge (ALJ) Lauren Mathon. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work, which required no more than frequent reaching, handling, fingering and feeling with the upper extremities. The Law Judge also recommended that the claimant avoid concentrated exposure to cold. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary

Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 59 years old at the time of the administrative hearing (TR 429). She had been graduated from high school, and had been employed as an accountant during the relevant past (TR 424). Plaintiff's past work allowed her to alternate between sitting and standing during the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 58). Claimant retired from work on March 10, 2004, and began receiving retirement income three months later (TR 425).

Claimant testified that she was disabled as a result of bilateral hand pain and stiffness (TR 416). The claimant explained that she could walk for about 20 minutes, lift 10 pounds and sit for long periods if her hip was not bothering her (TR 419). She allegedly was unable to pick up small objects, like a needle and thread, and she had difficulty blow drying her hair (TR 419). Plaintiff was able to care for her personal needs, perform light housekeeping and go grocery shopping (TR 415). Claimant was also able to drive short distances, but had to lie down whenever she became fatigued (TR 415, 426).

A medical expert, Dr. Walter Doren, testified that Plaintiff suffered from bilateral carpal tunnel syndrome (TR 403). The doctor explained that the condition did not meet or equal the Listing of Impairments because the claimant did not have motor deficits or electromyographic evidence of denervation (TR 405). After reviewing the medical evidence, Dr. Doren indicated that Plaintiff did not have significant sensory deficits, muscle atrophy or muscle wasting thumb musculature (TR 407). She also had satisfactory grip strength (TR 412). Dr. Doren concluded that Plaintiff retained the residual functional capacity for light work activity (TR 406).

A Vocational Expert, Ruth Van Vleet, classified Plaintiff's past work as sedentary, skilled activity, which imparted transferable skills (TR 431). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 440). If she were capable of light work, however, there were numerous receptionist and security guard jobs that she could perform with minimal vocational adjustment (TR 433-434). These jobs were not performed in cold temperatures, and required no more than frequent reaching, handling, fingering and feeling with the upper extremities (TR 432).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of bilateral carpal tunnel syndrome, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's carpal tunnel syndrome prevented her from working at jobs requiring constant hand motions. She further determined that Plaintiff was unable to work in extremely cold temperatures. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

---

[1] The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 440).

3

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her hand pain.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings.

4

Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling hand pain and numbness. An EMG in March 2004, showed no evidence of generalized neuropathy or radiculopathy (TR 146). There was no evidence of muscle atrophy or clawing of the digits (TR 145). Plaintiff's sensation was only slightly decreased and deep tendon reflexes were symmetric. Grip strength was good, and resistance muscle testing was within normal limits (TR 145-146, 235, 270). The ALJ also considered that the claimant had no weight loss or diffuse atrophy, which are side effects normally associated with prolonged chronic pain (TR 20). Given this evidence, the ALJ reasonably concluded that Plaintiff's treatment history undermined her allegations of severe and totally disabling pain symptoms.

In assessing credibility, the Law Judge considered the fact that claimant used only conservative measures to treat her pain. Plaintiff took only Motrin, on an as needed basis, and wore a wrist brace to relieve her discomfort (TR 88). The ALJ noted that Plaintiff remained capable of performing light housekeeping chores, including loading the

5

dishwasher, doing the laundry, and vacuuming with her left hand. The ALJ also considered the fact that Plaintiff drove an automobile, took regular walks, visited friends and required little assistance in providing her personal care (TR 20). Claimant's treating doctor reported that Plaintiff occasionally mowed the lawn (TR 269).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinions of Dr. Doren, the medical advisor, as well as a state agency medical consultant, both of whom concluded that the claimant could perform a restricted range of light work[2] (TR 260-262, 406). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her hand pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not require forceful grasping, constant use of the hands, or working in cold temperatures.

Plaintiff relies heavily upon the fact that Dr. Jerry Taylor found her incapable of returning to work (TR 238, 331). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of the treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2007).

detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Taylor offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[3]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

---

[3]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support the opinion. As the Law Judge noted, Dr. Taylor initially opined that Plaintiff remained capable of light work that did not involve any typing, working with a computer or using a calculator (TR 271). Later, the treating doctor indicated that the claimant was unable to "work with her hands", and he described her disability as permanent (TR 331). The ALJ observed that Dr. Taylor changed his opinion without justification, as there was no medical evidence showing a change in claimant's condition (TR 21). Indeed, it appears the doctor's statement was based primarily on Plaintiff's subjective complaints.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled receptionist and security guard jobs that she could perform with minimal vocational adjustment (TR 433-434). These jobs were not performed in cold temperatures, and required no more than frequent reaching, handling, fingering and feeling with the upper extremities (TR 432). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: October 11, 2007

_____

**CERTIFICATE OF SERVICE**

I hereby certify on October 11, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 11, 2007. **None.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217