UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE L. WEIDEL,

    Plaintiff,

v.    Case No. 07-11472
    Hon. Sean F. Cox

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on Cross Motions for summary judgment. Both parties have briefed the issues. For the following reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment; and (3) **GRANTS** Defendant's Motion for summary judgment.

**I. BACKGROUND**

This action arises out of the denial of Social Security Disability benefits to Plaintiff, Diane Weidel. Plaintiff filed for Social Security Disability benefits on June 28, 2004, alleging an onset date of March 10, 2004. Her application was denied and Plaintiff appealed and requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before ALJ Lauren Mathon on May 17, 2006. The ALJ denied benefits on June 28, 2006. The Appeals Council declined to review the ALJ's decision and Plaintiff filed an action in this Court on April 2, 2007.

1

Plaintiff alleges she is disabled due to bilateral carpal tunnel syndrome. Specifically, Plaintiff alleges she has severely limited use of her hands due to pain and burning.

Plaintiff filed a Motion for Summary Judgment on June 21, 2007. She alleges the ALJ erred because: (1) she found Plaintiff's testimony not entirely credible; (2) she failed to give proper weight to the testimony of Plaintiff's treating physician; (3) she gave improper weight to the testimony of the independent medical examiner; (4) she failed to pose an accurate hypothetical question to the vocational expert; and (5) her decision was not supported by substantial evidence. Defendant filed a cross Motion for Summary Judgment on September 19, 2007.

On October 11, 2007, Magistrate Judge Donald Scheer issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Motion for summary judgment be denied and Defendant's Motion for summary judgment be granted. On October 24, 2007, Plaintiff filed objections to the R&R. Defendant filed a Response to Plaintiff's objections on November 7, 2007.

## II. STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing*

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

### III.  ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) she is not presently engaged in gainful employment; 2) she suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) she did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies her burden, the burden shifts to the Commissioner to prove the fifth factor; that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to

3

perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A. ALJ Determination

The ALJ denied Plaintiff benefits at Step Five. The ALJ found that Plaintiff had a residual RFC to perform several jobs in the national economy. The ALJ found Plaintiff has:

> the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to sit, stand, and/or walk for about six hours in an 8-hour day. Her ability to push and/or pull is unimpaired. However, her ability to reach, handle, finger, and feel with the upper extremities is limited to a frequent basis. In addition, she should avoid concentrated exposure to cold. She has no other exertional or non-exertional limitations.

[Tr. p.18]. Based on the testimony of the vocational expert, the ALJ found that there were a significant number of jobs in the national economy Plaintiff can perform. The ALJ found Plaintiff's testimony about the extent of her limitations was not credible. [Tr. p.19]. The ALJ pointed out that while the Plaintiff's condition could cause the symptoms she alleged, "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." [Tr. p.19]. She further found that the opinion of Plaintiff's treating physician, Dr. Jerry Taylor, was not entitled to controlling weight because his recommendation was overly restrictive "based upon the diagnostic tests and exam findings of full range of motion, intact sensation, good grip strength, and no evidence of atrophy." [Tr. p.21]. The ALJ also gave great weight to the opinion and testimony of Dr. Walter Doren, who found that Plaintiff has the ability to perform work activity at the light exertional level with the additional limitation to avoid constant repetitive use of the hands. [Tr. p.20].

4

B.  **R&R**

The Magistrate recommends denying Plaintiff's Motion for summary judgment and granting Defendant's Motion for summary judgment.

The Magistrate found that there was substantial evidence for the ALJ's determination that Plaintiff retained the residual functional capacity for a restricted range of light work. The ALJ pointed out that Plaintiff's allegations of pain were insufficient to establish disability by themselves. According to the ALJ, the objective evidence offered by Plaintiff to support her assertions regarding her level of impairment "did not support her allegations of totally disabling hand pain and numbness." [R&R. P.5]. The Magistrate also noted that the ALJ was not required to give controlling weight to Dr. Taylor's opinion because there was little objective evidence to support his conclusion of disability.

C.  **Plaintiff's Objections**

Plaintiff argues that contrary to the Magistrate's ruling, there is no requirement for the Plaintiff to show "'totally disabling' hand pain...[i]t is sufficient to demonstrate pain that would prevent the performance of work on a [sic] 8 hour per day basis." [Obj. p.2]. Plaintiff argued that the medical records show that Plaintiff has had ongoing treatment with a hand specialist and has had consistent complaints of chronic wrist, hand and finger pain.

Plaintiff also argues that if the Magistrate's interpretation of the ALJ's decision is correct, that Plaintiff could do numerous unskilled jobs in the light work category, she must be found disabled under GRID Rule 202.06, 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.06.

D.  **Analysis**

There is substantial evidence to support the ALJ's decision that Plaintiff maintains a residual functional capacity for a limited range of light work. As noted in the R&R, objective evidence must support Plaintiff's subjective allegations of pain. The ALJ found that the objective medical evidence, as well as the testimony of Dr. Doren, did not support Plaintiff's allegations regarding the severity of her impairment. The ALJ considered Dr. Taylor's recommendation but found it against the weight of the objective evidence. The ALJ noted the medical findings one would expect to see if Plaintiff's pain were as severe as she claimed, and noted that the actual findings were not consistent with that. While the medical evidence does support a finding that Plaintiff suffers from bilateral carpal tunnel syndrome, there was substantial evidence from which the ALJ could conclude that the suffering does not reach a level permitting a finding that Plaintiff is disabled. As the ALJ noted, with emphasis, "the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but...claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." [Tr. p. 19]. The ALJ cited the objective medical evidence, medical expert testimony, and Plaintiff's own testimony to support her conclusion regarding the credibility of Plaintiff's allegations. [Tr. p. 19-21]. The evidence cited was reasonably adequate to support the ALJ's conclusion. Thus, the ALJ's determination that Plaintiff retains an RFC for a limited range of light work is supported by substantial evidence.

As for Plaintiff's second argument, notwithstanding whatever Plaintiff interprets the R&R to state, the ALJ did not make any findings that require a determination of disability under GRID Rule 202.06. Rule 202.06 requires that claimants of advanced age who are found to have a residual functional capacity for light work with no transferable skills are disabled. However,

6

the ALJ found that the Plaintiff had several transferable skills: the ability to use a computer and calculator; basic mathematics skills; knowledge of basic office procedures; and the ability to work with people. [Tr. p. 22]. The vocational expert testified that Plaintiff could obtain work as a receptionist or a security guard which is semi-skilled and involved Plaintiff's transferable skills. [Tr. p. 22 and 435-437]. Therefore, the ALJ concluded that "[b]ased on the testimony of the vocational expert...the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." [Tr. p. 22]. This does not require a finding of disability under Rule 202.06.

Because substantial evidence supports the ALJ's findings, Plaintiff's appeal is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment; and (3) **GRANTS** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

                                      **S/Sean F. Cox**
                                      **Sean F. Cox**
                                      **United States District Judge**

**Dated: March 4, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2008, by electronic and/or ordinary mail.**

                                      **S/Jennifer Hernandez**
                                      **Case Manager**